```
                  UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAY YUNIK,                        : CIVIL NO: 3:05-CV-00345
            Plaintiff             :
                                  : (Judge Conaboy)
      v.                          :
                                  : (Magistrate Judge Smyser)
RAYMOND COLLERAN,                 :
JOE NISH,                         :
CARL PUCUL,                       :
FRED GRASSO,                      :
BOB LONG,                         :
JERE IOVACHINI,                   :
JEFF JAMES, and                   :
JOHN DOE,                         :
            Defendants            :
```

**REPORT AND RECOMMENDATION**

On February 17, 2005, the plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. The plaintiff also filed a motion for the appointment of counsel.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the

>    complaint, or any portion of the complaint, if the
>    complaint-
>        (1) is frivolous, malicious, or fails to state a
>    claim upon which relief may be granted; or
>        (2) seeks monetary relief from a defendant who
>    is immune from such relief.

The complaint names as defendants: 1) Raymond Colleran, the Superintendent at the State Correctional Institution at Waymart (SCI-Waymart); 2) Joe Nish, a Deputy Superintendent; 3) Carl Pucul, a Unit Manager; 4) Fred Grasso, a Counselor; 5) Jere Iovachini, a Counselor; 6) Jeff James, a Unit Manager; and 7) John Doe.

In his complaint, the plaintiff alleges that he has been denied a transfer. In a document entitled "Petition to Proceed 42 U.S.C. § 1983" which is attached to the complaint, the plaintiff alleges that he received a recommendation by SCI-Waymart for a promotional transfer. He alleges that despite that recommendation, Central Office denied him a transfer and cited as the reason that such a transfer would slow down his programmability. The plaintiff alleges that he has been a model prisoner, that he has exhibited positive adjustment to his situation, that he is program compliant, that he has held an institutional job since January of 2001 and that SCI-Waymart

2

staff have agreed that he meets the qualifications listed in the Department of Corrections Handbook for a promotional transfer. The plaintiff also alleges that he has not been able to see his mother, brothers or children since his incarceration in 2000 and that he is prejudiced in his ability to communicate with the court in his county of conviction because of the distance from his home to his place of incarceration. The plaintiff requests a transfer to a facility near his home such as SCI-Mercer. The plaintiff states that the Department of Corrections does not allow a promotional transfer after an inmate commences the Sex Offender Program and he requests a transfer before he begins such a Program.

We conclude that the complaint fails to state a claim upon which relief may be granted.

"It is well established that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). An inmate does not have a due process right to remain in or be transferred to any particular prison. *See Olim v. Wakinekona,* 461 U.S. 238 (1983). The plaintiff has not alleged that the defendants refused to transfer him for a constitutionally impermissible reason such

3

as his race or his exercise of constitutional rights. Accordingly, the complaint fails to state a claim upon which relief may be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant case, it does not appear that the plaintiff will be able to amend his complaint to state a claim upon which relief may be granted.  There is no indication in either the allegations of the plaintiff's complaint or in the documents attached to the complaint that the plaintiff is claiming that he was denied a transfer for a constitutionally impermissible reason. Accordingly, amendment would be futile in this case.  We will recommend that the complaint be dismissed.

Because the complaint fails to state a claim upon which relief may be granted, we will also recommend that the plaintiff's motion for the appointment of counsel be denied.

4

Based on the foregoing, it is recommended that the plaintiff's motion (doc. 2) for the appointment of counsel be denied, that the complaint be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted and that the case file be closed.


                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  February 24, 2005.