IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAY YUNIK,                          :
                                    :
        Petitioner,                 :        3:05-cv-00345
                                    :
        v.                          :
                                    :        JUDGE CONABOY
DEPARTMENT OF CORRECTIONS,          :
                                    :
        Respondents.                :
_____

MEMORANDUM and ORDER

        Before the Court is Magistrate Judge Andrew Smyser's Report
and Recommendation, (Doc. 5), in which the Magistrate Judge
recommends that Petitioner's claim be dismissed for failure to
state a claim upon which relief may be granted.

        Petitioner is currently housed at SCI-Waymart and is seeking a
transfer to a facility closer to his home.  Specifically,
Petitioner is requesting a transfer to SCI-Mercer.  Petitioner
cites various hardships which exist due to the great distance
between himself and his family.  The Magistrate Judge concluded
that Petitioner has not brought a claim upon which relief may be
granted.  The Magistrate Judge's conclusion is based on the fact
that decisions concerning the housing of inmates remain with the
Department of Corrections and not in the courts unless a denial of
transfer results in a constitutional violation.  Such was not found
here by the Magistrate Judge.

        On March 8, 2005, Petitioner filed timely objections, (Doc.

6), and as such we shall review the matter <u>de</u> <u>novo</u>.  <u>See</u> <u>Cipollone</u>
<u>v. Liggett Group, Inc.</u>, 822 F.2d 335, 340 (3d Cir. 1987), <u>cert</u>.
<u>denied</u>, 484 U.S. 976 (1987). 33 F.Supp.2d 397, 399 (E.D. Pa. 1998).

After a thorough review of the record, we will ADOPT the
Magistrate Judge's Report and Recommendation.

I.   <u>BACKGROUND</u>[1]

In his complaint, Plaintiff named the following individuals as
defendants: 1) Raymond Colleran, the Superintendant at the State
Correctional Institution at Waymart, (SCI-Waymart); 2) Joe Nish, a
Deputy Superintendent; 3) Carl Pucul, a Unit Manager; 4) Fred
Grasso, a Counselor; 5) Jere Iovachini, a Counselor; 6) Jeff James,
a Unit Manager; and 7) John Doe.

In his complaint, Plaintiff alleges that Defendants
arbitrarily denied him a transfer.  In a document entitled
"Petition to proceed 42 U.S.C. 1983" which is attached to the
complaint, Plaintiff alleges that he received a recommendation by
SCI- Waymart for a promotional transfer.  He alleges that despite
the recommendation from SCI-Waymart, Central Office denied him the
transfer claiming that such a transfer would slow down his
programmability.  Plaintiff also alleges that he has been a model
prisoner, has exhibited positive adjustment to his situation, is a
program compliant, has held an institutional job since January of

---

[1] The following facts are primarily derived from the
Magistrate Judge's Report and Recommendation, (Doc. 5).

2001 and that SCI- Waymart staff have agree that he meets the qualifications listed in the Department of Corrections Handbook for a promotional transfer.

Plaintiff also alleges that he has not been able to see his mother, brothers or children since his incarceration in 2000 and that he is prejudiced in his ability to communicate with the court in the county of his conviction because of the distance from his home to his place of incarceration.  Therefore, Plaintiff requests a transfer to a facility near his home such as SCI- Mercer.

Plaintiff does not want to start the sex offender program at MCI- Waymart because he alleges that inmates are not transferred after commencing that program.  Therefore, he requests a transfer before he commences any sex offender program.

II   DISCUSSION

Plaintiff asserts that a number of Constitutional violations have resulted from the denial of his transfer request.  One of Plaintiff's claims is that a liberty interest has been created by the Department of Corrections' policy of allowing inmates who are considered to be of good behavior to transfer to an institution closer to the inmate's home.  Plaintiff claims that he meets the qualifications for both a "promotional" and a "hardship" transfer but that his requests have been arbitrarily denied in retaliation for his filing grievances at the prison.  Additionally, Plaintiff claims that he is being subjected to cruel and unusual punishment

3

in violation of the eighth amendment because more than seventy-five inmates have received promotional transfers between December 2004 and February 2005.

"It is well settled that the decision of where to house inmates is at the core of prison administrators' expertise." <u>McKune v. Lile</u>, 536 U.S. 24, 39, 122 S.Ct. 2017 (2002). "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the state to impose." <u>Meachum v. Fano</u>, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

In <u>Meachum</u>, the United States Supreme Court addressed the reverse situation of what Plaintiff has presented before this Court. The Plaintiff in <u>Meachum</u> sought to avoid a transfer to what was considered to be a less favorable institution. The Court found that an unfavorable change in the conditions of confinement does not necessarily invoke the protections of the Due Process Clause. 427 U.S. at 224. The Court went on to state that, "given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." <u>Id.</u>

Here, Plaintiff seeks a transfer to an institution closer to his home. The mere fact that Plaintiff is separated from his

4

family as a result of his incarceration does not allow him to receive any type of relief from this Court.  Plaintiff has failed to establish that Defendants have refused his transfer for any constitutionally impermissible reason.

As discussed above, an inmate does not have any right to be housed in any particular institution or to remain in a favorable institution and avoid transfer.  Likewise, absent a violation of an inmates' constitutional rights, the courts do not have a place in deciding where inmates should be housed.  The Court in Meachum stated that, "[t]he federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." 427 U.S. at 229; see Preiser v. Rodriquez, 411 U.S. 475, 491-492, 93 S.Ct. 1827, 1837, 36 L.Ed.2d 439 (1973).

The Magistrate Judge recommends that Plaintiff's claim be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A.[2]  Additionally, the Magistrate Judge recommends that the opportunity to file an amended

---

[2] 28 U.S.C. § 1915 provides in relevant part:
(a) Screening: The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer of employee of a governmental entity.
(B) Grounds for dismissal: On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

complaint should be denied because "it does not appear that Plaintiff will be able to amend his complaint to state a claim upon which relief can be granted." (Doc. 5 at 4).  Because Plaintiff has not claimed that he is being denied a transfer for any constitutionally impermissible reason, we agree with the Magistrate Judge that an amended complaint would be futile.  Therefore, Plaintiff's claim should be dismissed for failure to state a claim upon which relief can be granted.

III  <u>CONCLUSION</u>

Based on the foregoing discussion, we find that Plaintiff's claim should be dismissed and that the Magistrate Judge's Report and Recommendation should be ADOPTED.

An appropriate Order follows.

S/Richard P. Conaboy

_____

Richard P. Conaboy
Date: April 26, 2005          United States District Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAY YUNIK,                        :
                                  :
       Petitioner,               :        3:05-cv-00345
                                  :
       v.                         :
                                  :        JUDGE CONABOY
DEPARTMENT OF CORRECTIONS,         :
                                  :
       Respondents.               :
_____

ORDER

AND NOW, THIS 26TH DAY OF APRIL, FOR THE REASONS SET FORTH IN
THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:


1.  The Magistrate Judge's Report and Recommendation, (Doc. 5), is
hereby ADOPTED;

2.  The Clerk of Court is directed to enter judgment in accordance
with this Order and to mark the matter in this Court CLOSED.


                              S/Richard P. Conaboy

                              _____
                              Richard P. Conaboy
                              United States District Court